UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JONELLE McEACHERN
        Plaintiff,                                                 :

    v.

STREETWIDE ASSET RECOVERY GROUP INC.;      : Civil Action No.:
MICHAEL COLUMBO;
JOHN DOES 1-10,
        Defendants.                                             :

## COMPLAINT

**I.**    **Jurisdiction and Venue**

1.    Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court.

2.    Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**II.**    **Parties**

3.    Plaintiff Jonelle McEachern is a natural person who resides at 109 Treetop Lane, Egg Harbor, NJ 08234.

4.    Defendant Streetwide Asset Recovery Group Inc. (hereafter "Streetwide") is a business entity regularly engaged in the business of collecting debts nationwide with its principal place of business located at 100 Village Court, Suite 201, Hazlet, NJ 07730. Streetwise regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6).

5.     Defendant Michael Columbo, is a natural person who owns and/or is employed by Defendant Streetwise as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.     Defendant Columbo at all times acted within the scope of his training and employment as a collector for Streetwise.

7.     Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom.  Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.

8.     At all times material, Defendant acted through its agents, servants, workman and/or employees, who were authorized and acting within the scope of their authority, course of employment and under the direct control of Defendants.

### III.     Factual Allegations

9.     The debt alleged by defendant to be plaintiff's debts is, upon information and belief, a compensation debit balance with her prior employer, MetLife.

10.    At all times relevant herein, MetLife's personnel file for plaintiff contained all of her personal residence and other contact information.

11.    On or about March 16, 2012, defendants sent plaintiff a collection letter and attachments to plaintiff's place of work, Lincoln Investments, via FedEx envelope the sender information for which clearly displayed Streetwide's name with the words, "Asset Recovery" thereon (Ex A).

12.    The aforesaid debt collection mailing clearly indicated to third parties that

2

plaintiff was the subject of debt collection.

13. The aforesaid debt collection mailing was forwarded to plaintiff's employer's human resources department which required her to explain the debt to accord with her employer's compliance protocol.

14. After the mailing, defendant has repeatedly called plaintiff at work leaving messages.

15. As a result of Defendants' conduct, Plaintiff has sustained actual damages including, but not limited to emotional and mental pain and anguish which Plaintiff will continue to suffer for an indefinite time in the future.

### IV.    Causes of Action

#### COUNT I – Violations of the FDCPA

16. The allegations above are re-alleged and incorporated herein by reference.

17. At all times relevant hereto Defendants were attempting to collect an alleged debt to it which was incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. The above contacts made between the Plaintiff and Defendants were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

19. Defendants, by their conduct as described above, violated the FDCPA including but not limited to the following:

   a) §1692f(8), by using language on an envelope that indicates a communication from a debt collector;

3

b) §1692d, engaged in conduct by targeting plaintiff at work to embarrass and humiliate her before her employer engaged conduct the natural consequence of which is to harass, oppress, and abuse the debtor.

c) §1692f Otherwise using unfair or unconscionable means to collect or attempt to collect a debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendants for the following:

a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

d. Such other and further relief as the Court may deem to be just and proper.

## JURY TRIAL DEMAND

17. Plaintiff demands trial by jury.


Dated: <u>April 16, 2012</u>                   /s/ Matthew Weisberg
                                                                            WEISBERG LAW, P.C.
                                                                            Matthew Weisberg, Esquire
                                                                            7 S. Morton Ave.
                                                                            Morton, PA 19070
                                                                            (610) 690-0801

                                                                            Attorneys for Plaintiff